[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-12942
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cr-14007-KMM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD JACKSON, JR.,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 2, 2013)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

In September 2009, Todd Jackson, Jr., pursuant to a plea agreement, pled guilty to conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1).  The adjusted offense level of 29 for Jackson's offense, which involved cocaine base, and his criminal history category of IV, yielded a sentencing range calling for a term of imprisonment of between 121 and 151 months.  In November 2009, the District Court sentenced Jackson to a term of 70 months, granting a variance based on the then sentencing disparity for offenses involving cocaine and cocaine base.

In March 2012, Jackson moved the District Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 750 to U.S.S.G. § 1B1.10.  The court denied his motion.  He now appeals, arguing that the court erred by failing to consider his individual characteristics and apply the same downward variance that he originally received.

We review the District Court's denial of a § 3582(c)(2) sentence reduction for abuse of discretion.  *United States v. White*, 305 F.3d 1264, 1267 (11th Cir. 2002).  A district court abuses its discretion in a § 3582(c)(2) proceeding if it fails to apply the proper legal standard or follow proper procedures in making its determination.  *United States v. Jules*, 595 F.3d 1239, 1241-42 (11th Cir. 2010).

A district court may not modify a term of imprisonment unless a defendant

2

was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2). Parts A and C of Amendment 750 to the Guidelines may serve as the basis for a sentence reduction. U.S.S.G. § 1B1.10(c). A proceeding under § 3582(c)(2) does not constitute a full resentencing. That is, the court must maintain all original sentencing determinations, with the sole exception of applying the relevant amended guideline range. *United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000). The district court must then engage in a two-part analysis when considering a motion for reduction. *Id.* at 780. First, the court must recalculate the applicable guideline sentence range, using the amended guideline provisions. *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009). Second, the court then must decide, in its discretion, whether to retain the existing sentence or impose a reduced sentence, within the new range, considering the § 3553(a) factors as well as public safety considerations. *Id.* (citing U.S.S.G. § 1B1.10, cmt. 1(B)).

It is unclear whether the District Court originally applied a downward variance or a departure when sentencing Jackson. To decide which was applied, we consider whether the court mentioned a specific guideline provision and if the court's reasoning was based on its conclusion that the guideline range was not appropriate. *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009)

3

(citation omitted).  We are not bound by the court's language.  *Id.*  Here, because the court effectively reduced Jackson's offense level and adopted a new guideline range based on the then-existing disparity between powder and crack cocaine sentences, rather than merely sentencing him below the original range, it apparently applied a downward departure rather than a variance.  *See United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006).  Nevertheless, this distinction is not important because Jackson's argument is meritless.

The Supreme Court has held that *Booker*[1] does not apply to § 3582(c)(2) proceedings, and that, pursuant to U.S.S.G. § 1B1.10, district courts lack authority to sentence a defendant below the low end of the amended guideline range.  *Dillon v. United States*, 560 U.S. __, __, 130 S.Ct. 2683, 2691-92 (2010) (explaining that § 3582(c)(2) proceedings do not implicate the interests identified in *Booker*, because the proceedings are "not constitutionally compelled," but instead represent a "congressional act of lenity," and because any facts found by a judge in such proceedings cannot serve to increase a defendant's punishment range).

Amendment 750 to the Sentencing Guidelines, made retroactively applicable effective November 1, 2011, by Amendment 759, made permanent the temporary emergency Amendment 748, which revised the crack cocaine quantity

---

[1] *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

4

tables listed in U.S.S.G. § 2D1.1(c), pursuant to the Fair Sentencing Act of 2010. *See* U.S.S.G. App. C, Amend. 750, Reason for Amend. *and* U.S.S.G. App. C, Amend. 759.  Amendment 750 also changed the marijuana equivalency for 1 gram of crack cocaine from 20 kilograms of marijuana to 3,571 grams of marijuana.  *See* U.S.S.G. App. C, amend. 750, Reason for Amendment.

Moreover, U.S.S.G. § 1B1.10(b)(2)(A)  provides that a district court may *not* impose a new sentence that is below the defendant's amended guideline range, with one exception: if the court previously granted a downward departure to reflect the defendant's substantial assistance, the court may impose a comparable downward departure from the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(B) (2011); *United States v. Liberse*, 688 F.3d 1198, 1201 (11th Cir. 2012).  Application Note 1 clarifies that the "applicable guideline range" from the defendant's original sentencing was the range generated by combining the total offense level and criminal history category and *before* any variance or departure.  U.S.S.G. § 1B1.10, cmt. 1(A).  Therefore, Jackson's applicable guideline range called for imprisonment of 121 to 151 months, which was the range before the court varied or departed downward at sentencing.

When Jackson was sentenced in 2009, the 2008 equivalency table dictated that he be held responsible for 4,088.1 kilograms of marijuana.  Under the 2008

guidelines manual, offense levels involving different kinds of drugs were calculated by using the table to determine the marijuana equivalency for each drug, then combining those amounts and using the total to find the offense level. U.S.S.G. § 2D1.1 cmt. 10 (2008).  If the calculations involved cocaine base, however, the base offense level assigned by the sentencing table was then reduced by two levels.  U.S.S.G. § 2D1.1 cmt. 10(D)(i) (2008).  Accordingly, Jackson's base offense level pursuant to the sentencing table in 2008 for his case involving the equivalent of at least 3,000 kilograms but less than 10,000 kilograms of marijuana was 34, which the presentence report then reduced by 2 levels to get 32 as Jackson's final base offense level.  After a 3-level reduction for acceptance of responsibility, Jackson's adjusted offense level was 29.

After Amendment 750, the 196 grams of crack cocaine that Jackson was held accountable for converted to a lesser amount under the 2011 equivalency table—the equivalent of 699.92 kilograms of marijuana—which, combined with the other drug equivalency conversions, came to a total of the equivalent of only 868.02 kilograms of marijuana.  U.S.S.G. § 2D1.1 cmt. 10(D).  While the guidelines still provided a mechanism for assigning an offense level when both cocaine base and other controlled substances are involved, U.S.S.G. § 2D1.1 cmt. 10(B) (2011), the amended § 2D1.1 did *not* include the direction that the base

6

offense level calculated for combining different drugs should be reduced by two levels if cocaine base was involved. *See* U.S.S.G. App. C at 377, Amend. 748 ("The Commentary to § 2D1.1 captioned "Application Notes" is amended in Note 10 by striking subdivision D . . ."); U.S.S.G. § 2D1.1 cmt. 10(D). Jackson's amended base offense level was 30, so after applying a 3-level reduction for acceptance of responsibility, Jackson's new total offense level was 27. U.S.S.G. § 2D1.1(c)(5) (2011). Combined with his category IV criminal history, Jackson's amended guideline range, as the Government correctly noted, was 100 to 125 months' imprisonment. (2011 Federal Sentencing Guidelines, Sentencing Table).

Even if Jackson's calculations are correct—and his new range is 70 to 87 months's imprisonment—the District Court still did not abuse its discretion in denying his § 3582(c)(2) motion. Jackson was not eligible for a reduction following Amendment 750 because, although the amendment lowered his offense level and the guideline range, his original 70-months' sentence fell below, or at, the bottom of the amended guideline ranges identified by the Government (100 to 125 months) and Jackson (70 to 87 months) and a court may not reduce a defendant's sentence below the guideline range in a § 3582(c)(2) proceeding unless he originally received a substantial assistance departure, which Jackson did

7

not.

For the foregoing reasons, the District Court's judgment is

AFFIRMED.